FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 MAR -2 PM 2: 43
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JOHN WAYNE CONNER,

    Petitioner,

vs.

HILTON HALL, Warden,
Georgia Diagnostic and
Classification Prison,

    Respondent.

CIVIL ACTION NO.
CV 301-073

HABEAS CORPUS

# ORDER

Petitioner, John Wayne Conner, is a convicted prisoner under a sentence of death imposed by a court of the State of Georgia. His petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was dismissed and all relief denied by Order entered November 6, 2009. Petitioner's "Motion to Alter and Amend Judgment" filed pursuant to Federal Rule of Civil Procedure Rule 59(e) was denied on January 27, 2010.

At present, Petitioner has filed a Notice of Appeal and a motion for a certificate of appealability. His motion for a certificate of appealability is principally governed by the provisions of 28 U.S.C. § 2253. That statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner asserts numerous claims for habeas corpus relief, the certificate of appealability must "indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2).]" 28 U.S.C. § 2253(c)(3).

In this case, Petitioner asserted over thirty claims, including numerous subparts. He now advances four claims for which he seeks a certificate of appealability, one of which this Court has already determined warranted an appeal. (See Order of Sept. 8, 2004, at 14; Order of Nov. 6, 2009, at 32.) Of the remaining three claims, only one warrants a certificate of appealability.

To make a substantial showing of the denial of a constitutional right, Petitioner "must demonstrate that the issues are debatable among jurists of reasons" or "that a court could resolve the issues [in a different manner]." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (quotations and quoted source omitted).[1] In addition, Petitioner could show "the questions are adequate to deserve encouragement to proceed further." Id.

---

[1] The Eleventh Circuit has determined that pre- and post-AEDPA standards for permitting appeal are identical as they relate to the standard demanded of a certificate of appealability. See Hardwick v. Singletary, 126 F.3d 132, 1313 (11th Cir. 1997).

2

Upon consideration of the motion and the applicable standard, the Court concludes that reasonable jurists could decide that two constitutional claims asserted in Petitioner's motion for certificate of appealability were "debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). These claims include: (1) Claim Thirty-Three - whether this Court erred in finding that Petitioner's claim of mental retardation was procedurally defaulted;[2] and (2) Claim Twenty-Five - whether this Court erred in concluding that Petitioner's trial counsel had not rendered ineffective assistance during the mitigation phase of the trial.[3] With respect to the other two claims raised in the present motion, Petitioner has failed to make the requisite showing.[4]

Therefore, **IT IS HEREBY ORDERED:**

1. Petitioner's motion for a certificate of

---

[2] This Court determined the claim of mental retardation was procedurally defaulted in its Order of September 8, 2004 (doc. no. 52).

[3] This Court determined that Petitioner's trial counsel had not rendered ineffective assistance during the mitigation phase of the trial in its Order of November 6, 2009, at 17-22 (doc. no. 71).

[4] Those two claims include: (1) whether this Court erred in concluding as reasonable the Georgia Supreme Court's determination that the prosecution's closing arguments were not constitutionally infirm; and (2) whether this Court erred in concluding that Petitioner had failed to establish a constitutional violation with respect to the claim that his death sentence was arbitrary and capricious.

appealability is **GRANTED** with respect to the following issues only: (a) whether this Court erred in finding that Petitioner's claim of mental retardation was procedurally defaulted; and (b) whether this Court erred in concluding that Petitioner's trial counsel had not rendered ineffective assistance during the mitigation phase of the trial.

2. Petitioner is entitled to appeal <u>in forma pauperis</u>.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE