ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUN 11  PM 2: 53
CLERK _____
SO. DIST. OF GA

| | |
|---|---|
| JOHN WAYNE CONNER, | * |
| Petitioner, | * |
| vs. | *   CIVIL ACTION NO. |
| | *   CV 301-073 |
| CARL HUMPHREY, Warden, | * |
| Georgia Diagnostic and | *   HABEAS CORPUS |
| Classification Prison, | * |
| Respondent. | * |

## O R D E R

On November 6, 2009, this Court denied Petitioner John Wayne Conner's petition for federal habeas relief under 28 U.S.C. § 2254. This Court granted a Certificate of Appealability on two claims: (1) whether this Court erred in finding that Petitioner's claim of mental retardation was procedurally defaulted; and (2) whether this Court erred in concluding that Petitioner's trial counsel had not rendered ineffective assistance during the mitigation phase of the trial. The Eleventh Circuit expanded the Certificate of Appealability to include a third claim: (3) whether this Court erred in determining that the prosecutor's closing arguments were not so egregious as to require reversal.

On July 7, 2011, the Eleventh Circuit Court of Appeals vacated and reversed the Order of November 6, 2009, upon

determining that Petitioner's "mental retardation claim" was not procedurally defaulted. Conner v. Hall, 645 F.3d 1277 (11th Cir. 2011). The Eleventh Circuit did not address substantively the other two claims but instead remanded the entire case for further proceedings consistent with its opinion. Id. at 1294 ("[I]t is unnecessary for us to decide anything regarding the other two claims . . . .").

On remand, this Court appointed Dr. Thomas R. Swift, a neurologist, to evaluate Petitioner. Even though Dr. Swift returned an unfavorable opinion for Petitioner, the Attorney General's Office did not oppose Petitioner's request for limited discovery and an evidentiary hearing on the mental retardation claim. Thereafter, this Court granted access to Petitioner for evaluation by six expert witnesses-two psychiatrists, two psychologists, a neuropsychologist, and a social worker-who evaluated Petitioner at various times from January 2 to February 6, 2013. The parties also participated in discovery on the issue of mental retardation.

On May 7 and 8, 2013, this Court conducted an evidentiary hearing to determine whether Petitioner is mentally retarded rendering his sentence of death unconstitutional under Fleming v. Zant, 386 S.E.2d 339 (Ga. 1989), and Atkins v. Virginia, 536 U.S. 304 (2002) (holding that the Eighth Amendment categorically prohibits the execution of the mentally retarded). In addition to the admission of documentary evidence, the following experts

testified on behalf of Petitioner: Dr. Bhushan S. Agharkar, a psychiatrist; Dr. Stephen Greenspan, a psychologist; Dr. Barry M. Crown, a neuropsychologist; and Dr. Elizabeth L. Beck, a social worker. Respondent's testifying experts included: Dr. Glen King, a psychologist; Dr. Matthew Norman, a psychiatrist; and Dr. Thomas R. Swift, the court-appointed neurologist.

On May 10, 2013, the proceeding was reconvened for oral argument from the parties on the mental retardation issue. Thereafter, and in accordance with Federal Rule of Civil Procedure 52(a), I entered my findings of fact and conclusions of law from the bench, beginning at approximately 11:05 a.m. and concluding at 4:07 p.m., breaking a lunch period. As explained at that time, this was not done as a matter of expediency. Rather, I was then immersed in the evidence to a point that the ability to accurately and fully express my impressions of the evidence at that time far outweighed the benefit of a more carefully constructed, better organized, and perhaps more artful written opinion that more time would permit.

I have now had the opportunity to read and make minor edits to the transcript of my oral findings and conclusions. Upon careful consideration and reflection, I have determined that those findings and conclusions are sufficient and complete. Therefore, I specifically incorporate herein by reference the findings and conclusions articulated on the record on May 10, 2013.

Upon these findings, I orally determined that Petitioner

3

has not shown beyond a reasonable doubt, or even by a preponderance of the evidence,[1] that he is mentally retarded as that term is defined in O.C.G.A. § 17-7-131(a)(3). More specifically, Petitioner has failed to show that he has a significantly subaverage general intellectual functioning resulting in or associated with impairments in adaptive behavior which manifested during the developmental period. Accordingly, Petitioner's mental retardation claim is denied.

With respect to the remaining two claims remanded to this Court, I have reviewed my findings and conclusions stated in the Order of November 6, 2009, relative to these claims. Upon reflection and further consideration, and upon a review of the Eleventh Circuit's remand of the case, I have determined that the claims are again denied for the reasons stated in the November 6, 2009 Order. Further comment on the issues is not necessary.

---

[1] To be sure, the Eleventh Circuit has held that the Georgia Supreme Court did not violate any clearly established federal law by upholding the state's reasonable doubt standard for mental retardation claims. Hill v. Humphrey, 662 F.3d 1335, 1360-61 (11th Cir. 2011) (en banc). Indeed, the Hill court noted that to hold otherwise would "ignore the clear language of Atkins itself about who is to decide what procedures are to be used to determine mental retardation." Id. at 1352. Nevertheless, in recognition that this Court is not reviewing the decision of a state court's determination of mental retardation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), but rather as a matter of first impression, the Court employed both a reasonable doubt and a preponderance of the evidence standard. As the Honorable Julie E. Carnes pointed out in a case decided prior to Hill, if a petitioner cannot prove his mental retardation claim by a preponderance of the evidence, "he cannot meet the reasonable doubt standard a fortiari." Ledford v. Head, 2008 WL 754486, at *4 (N.D. Ga. Mar. 19, 2008).

Upon the foregoing, the three claims remanded to this Court for further proceedings are hereby **DENIED**. Thus, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Respondent and **CLOSE** this case.

The Court **GRANTS**, however, a Certificate of Appealability on one ground: whether this Court erred in concluding that Petitioner's trial counsel had not rendered ineffective assistance during the mitigation phase of the trial. This Court previously granted a Certificate of Appealability on this issue, and it has not been addressed on the merits on appeal. With respect to the other remanded claims, the Court has determined that Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). That is, I do not believe that "reasonable jurists" would find this Court's assessment of the mental retardation claim or the prosecutorial misconduct claim "debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ORDER ENTERED** at Augusta, Georgia, this 11th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE